JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ASHLEY COLEY

**DEFENDANTS**

GEICO ADVANTAGE INSURANCE COMPANYd/b/a GEICO

**(b)** County of Residence of First Listed Plaintiff    Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

❏ 3  Federal Question
       *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | ❏ 380 Other Personal Property Damage | | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332

Brief description of cause:
Motor vehicle collision in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
08/08/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| ASHLEY COLEY | Plaintiff, | : | CIVIL ACTION |
| v. | | : | |
| GEICO ADVANTAGE INSURANCE COMPANY d/b/a GEICO | Defendant. | : : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 08/08/2026 | | Ashley Coley |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                                                          Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                              Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?          Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?                                                                                                                                                                                Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?                                       Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☒ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury (*Please specify*):_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐     Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒     None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHLEY COLEY<br>405 Aldan Avenue<br>Aldan, PA 19018<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GEICO ADVANTAGE INSURANCE<br>COMPANY d/b/a GEICO<br>One GEICO Blvd.<br>Fredericksburg, VA 22412<br><br>　　　　　　Defendant. | : CIVIL ACTION<br>:<br>: No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Ashley Coley ("Ms. Coley" or "Plaintiff"), through her undersigned attorney, brings the following Complaint against the above-captioned Defendant.

## PARTIES

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 405 Aldan Avenue, Aldan, PA 19018.

2. Defendant, GEICO Advantage Insurance Company d/b/a GEICO ("GEICO" or "Defendant"), is, upon information and belief, a corporation, partnership or other business entity with a place of incorporation of, principal place of business and citizenship of One GEICO Blvd., Fredericksburg, VA 22412.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendant is a corporation, partnership or other business entity with a place of incorporation, principal place of business of and citizenship of the Commonwealth of Virginia.

4. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Philadelphia County, PA, within this District.

## FACTS

7. On April 2, 2026, Ms. Coley was severely injured when Abdur Muhammad ("Mr. Muhammad "), was negligently speeding on W. Thompson Street at the intersection with N. St. Bernard Street in Philadelphia and struck Ms. Coley's vehicle, as she was attempting to execute a right turn from N. St. Bernard Street onto W. Thompson Street.

8. Mr. Muhammad/his vehicle were uninsured at the time of the collision.

9. Ms. Coley's first-party auto policy through GEICO, policy (Policy # 4380-05-77-88) carries an Uninsured Motorist ("UM") limit of $25,000.00/$50,000.00, stacked times four (4) vehicles, for a total of $100,000.00 available UM coverage for Ms. Coley. A true and correct copy of the GEICO Insurance Declarations Page is attached hereto, incorporated herein and marked as Exhibit "A."

10. Ms. Coley was not charged nor deemed at fault for her role in the subject collision.

11. Such violent collision caused Ms. Coley to **a)** sustain the permanent injuries described below, that have caused her body to not heal or function normally with further medical treatment; and **b)** suffer significant financial harm.

12. As the direct and proximate cause of Mr. Muhammad's negligence as stated above, Ms. Coley has suffered severe permanent physical injury and financial loss.

13. The injuries that Ms. Coley has sustained are permanent in nature. Ms. Coley has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

14. As a further result of the above negligent acts committed by Mr. Muhammad, Ms. Coley has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

15. In addition, Ms. Coley has suffered other economic injury and will likely continue to suffer such economic injury.

16. Mr. Muhammad operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

17. Mr. Muhammad had a duty to Ms. Coley to not operate his vehicle in such a careless and/or negligent manner.

18. Mr. Muhammad breached said duty, as set forth below.

19. As a direct and proximate result of the aforesaid acts, omissions, carelessness, and/or negligence on the part of Mr. Muhammad, Ms. Coley suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money

3

for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

20. The aforesaid accident was caused by the negligence and/or carelessness of Mr. Muhammad, because he:

   a. Failed to keep his vehicle under control at all relevant times;

   b. Was driving at an excessive speed under the circumstances;

   c. Disregarded traffic signals and signs;

   d. Failed to keep a proper lookout;

   e. Violently struck Plaintiff's vehicle;

   f. Was driving in distracted fashion;

   g. Caused a violent collision to take place; and

   h. Otherwise failed to exercise due care under the circumstances.

21. As the result of the above-referenced accident, Ms. Coley suffered painful and serious injuries, including, but not limited to:

   a. disc herniation at L5-S1;

   b. radiculopathy;

   c. cervicalgia;

   d. nerve damage throughout her body;

   e. strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

   f. torn ligaments and tendons throughout her body, the extent of which is presently unknown;

   g. head injuries, the extent of which is presently unknown; and

4

h. emotional harm, the extent of which is presently unknown.

22. As a result of such accident, Ms. Coley has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

23. As a result of such accident, Ms. Coley suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

24. As a further result of such accident, Ms. Coley has suffered and will continue to suffer a loss of life's pleasures.

## COUNT ONE – BREACH OF CONTRACT

25. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

26. In accordance with the policy of insurance (Policy # 4380-05-77-88), which Ms. Coley and GEICO entered into, herself, and/or as an intended third party beneficiary, for valuable consideration, Ms. Coley made a claim for benefits under the policy at issue.

27. Upon information and belief, GEICO improperly, unjustifiably and unconscionably attempted to deny benefits due and/or failed to timely pay benefits due under the policy.

28. GEICO misrepresented and deliberately under-evaluated Ms. Coley's UM claim.

29. GEICO has refused and failed to pay the reasonable value of Ms. Coley's UM claim.

30. GEICO insufficiently, or not at all, investigated Ms. Coley's version of how the subject collision occurred.

31. GEICO has wrongfully withheld benefits owed to Ms. Coley pursuant to the policy.

32. GEICO did so by knowingly evaluating its financial interests above the interests of its insured.

33. As a further consequence of GEICO's breach of the Insurance Policy, GEICO has been unjustifiably enriched to the detriment of Ms. Coley.

5

34. As a further consequence of GEICO's breach of the Insurance Policy, Ms. Coley has suffered losses, including but not limited to loss of use of benefits payable.

35. The actions of GEICO described in this Complaint represent a breach of contract.

36. As a result of GEICO's actions as described, they breached their obligation of good faith and fair dealing.

37. Ms. Coley had been damaged in a sum not yet fully determined, but in any event to be proved at the time of trial.

38. Ms. Coley is not in possession of the subject contract governing her insurance coverage with GEICO and is therefore unable to attach it to this Complaint. However, GEICO is in possession of the same and is on notice of the contractual provisions that Ms. Coley alleges have been breached.

**WHEREFORE**, Plaintiff, Ashley Coley, demands judgment against the Defendant, GEICO, in an amount in excess of $75,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  August 8, 2026

6

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY COLEY<br>405 Aldan Avenue<br>Aldan, PA 19018<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GEICO ADVANTAGE INSURANCE<br>COMPANYd/b/a GEICO<br>One GEICO Blvd.<br>Fredericksburg, VA 22412<br><br>　　　　　Defendant. | : CIVIL ACTION<br>:<br>: No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## JURY DEMAND

Plaintiff, Ashley Coley, hereby demands a trial by twelve (12) jurors.


Respectfully submitted,

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  August 8, 2026

7